**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JAMES J. ARMSTRONG and NANCY L. ARMSTRONG,

                Plaintiffs,

-vs-                                      Case No.  6:06-cv-38-Orl-22KRS

COLONIAL BANK, N.A.,

                Defendant.
_____/

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

      This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **AMENDED RENEWED MOTION FOR SANCTIONS PURSUANT TO FLORIDA STATUTE § 57.105 (Doc. No. 36)** |
| **FILED:** | **December 1, 2006** |

**I.    BACKGROUND.**

      Plaintiffs James J. Armstrong and Nancy L. Armstrong (the Armstrongs), appearing *pro se*, filed a class action complaint in a Florida state court against Defendant Colonial Bank, N.A. (Colonial Bank), doc. no. 2, which was removed to this Court on January 10, 2006, doc. no. 1.  In the complaint, the Armstrongs alleged that on numerous occasions, Colonial Bank, where they both maintained checking accounts, charged them overdraft fees apparently resulting from checks written in amounts in excess of the funds available in their checking accounts.  Doc. No. 2 ¶¶ 11-

17. The Armstrongs contended that Colonial Bank's fee of $30 per overdraft, plus $3 for each day the account was overdrawn, violated Florida Statute § 687.03 as an unlawful rate of interest. Doc. No. 2 ¶¶ 3(b), 23.

Colonial Bank filed a Motion to Dismiss, arguing that an overdraft fee is not interest and, thus, not subject to usury statutes. It relied upon the decision in *Video Trax, Inc. v. NationsBank, N.A.*, 33 F. Supp. 2d 1041, 1051-55 (S.D. Fla. 1998), *aff'd*, 205 F.3d 1358 (11th Cir. 2000)(hereinafter *Video Trax*), among other authority, in support of its position. Doc. No. 3.

On January 27, 2006, the Armstrongs filed a response to Colonial Bank's Motion to Dismiss, doc. no. 9, and an amended complaint, doc. no. 10. The Armstrongs' amended complaint reasserted the cause of action for violation of section 687.03, and added causes of action under the National Bank Act, 12 U.S.C. § 85, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(6) *et seq.*, civil theft in violation of Florida Statute § 772, and conversion. *Id.* Based on the filing of the amended complaint, the Court denied the original Motion to Dismiss. Doc. No. 13.

Colonial Bank then moved to dismiss the Armstrongs' amended complaint, doc. no. 21. Colonial Bank again relied upon the decision in *Video Trax*, and cited other authority supporting the decision in *Video Trax*. Colonial Bank also cited a federal regulation and a Florida statute that define "interest" as payments to creditors for the extension of credit. Doc. No. 21 at 3 (citing Fla. Stat. § 687.03(2)(b) and 12 C.F.R. § 7.4001(a)).

On February 21, 2006, the Armstrongs filed a response to the renewed motion to dismiss, doc. no. 22. On the same day, they also moved for leave to file a second amended complaint to add as a party defendant a director of Colonial Bank. Doc. No. 23.

On April 3, 2006, the Court entered an Order granting Colonial Bank's motion to dismiss and denying the Armstrongs' motion for leave to amend. Doc. No. 26. The Court held that "[o]verdraft charges are not interest and, accordingly, cannot be usurious." Doc. No. 26. The Armstrongs appealed this Order to the United States Court of Appeals for the Eleventh Circuit, which affirmed the Order. Doc. No. 35.

Colonial Bank then filed its present motion for sanctions pursuant to Florida Statute § 57.105.[1] In support of its motion, Colonial Bank filed the Affidavit of Ben H. Harris, III. Doc. No. 36-2. Colonial Bank represents that it served the motion on the Armstrongs twenty-one days before it was filed, in compliance with section 57.105(4).

The Armstrongs filed a response to the motion for sanctions on December 18, 2006. Doc. No. 38. In support of their response, the Armstrongs filed a copy of documents filed with the Eleventh Circuit. Doc. No. 39.

## II. APPLICABLE LAW.

Florida Statute § 57.105 provides that:

(1)   . . . the court shall award a reasonable attorney's fee to be paid to the prevailing party . . . on any claim or defense . . . in which the court finds that the losing party . . . knew or should have known . . . :

   (a)   Was not supported by the material facts necessary to establish the claim or defense; or

   (b)   Would not be supported by the application of then-existing law to those material facts. . . .

---

[1] Colonial Bank originally filed a motion for sanctions on October 18, 2006. Doc. No. 29. The motion was denied without prejudice with leave to refile after the mandate was issued by the Eleventh Circuit. Doc. No. 31.

> (2) Paragraph 1(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.

In 1999, the Florida Legislature amended section 57.105, expanding the power of courts to award attorneys' fees. However, the revised statute still only applies to frivolous pleadings. *Connelly v. Old Bridge Vill. Co-Op, Inc.*, 915 So. 2d 652, 656 (Fla. 2d Dist. Ct. App. 2005). "Failing to state a cause of action is not, in and of itself, a sufficient basis to support a finding that a claim was so lacking in merit as to justify an award of fees pursuant to section 57.105." *Mason v. Highlands County Bd. of County Comm'rs*, 817 So. 2d 922, 923 (Fla. 2d Dist. Ct. App. 2002).

"Attorney's fees are awarded under section 57.105(1), Florida Statutes, where there is a total or absolute lack of justiciable issues of either law or fact, this being tantamount to a finding that the action is frivolous or completely untenable." *Weatherby Assocs., Inc. v. Ballack*, 783 So.2d 1138, 1141 (Fla. 4th Dist. Ct. App. 2001). The purpose of section 57.105 is to discourage baseless claims, not to prevent access to Florida courts. *Vasquez v. Provincial South, Inc.*, 795 So. 2d 216, 218 (Fla. 4th Dist. Ct. App. 2001). "Where a party asserts a good faith attempt to change an existing rule of law, that party is not subject to attorney's fees under section 57.105." *Id.*

### III. ANALYSIS.

*A. Whether Sanctions Are Appropriate.*

The Armstrongs argue, first, that a federal court may not award attorney's fees and costs pursuant to section 57.105, although they present no legal analysis to support that argument. The Eleventh Circuit has stated, albeit in dicta, that "[a]ttorney's fees pursuant to Florida Statute § 57.105 may be awarded to the prevailing party in a suit brought in federal court." *BankAtlantic v.*

*Blythe Eastman Paine Webber, Inc.*, 955 F.2d 1467, 1478 n.11 (11th Cir. 1992). Accordingly, it appears that this Court may award fees pursuant to section 57.105.

The Armstrongs also contend that their complaints were a good faith basis to modify or extend the law. They argue that the decision in *Video Trax* was procedurally distinguishable because it was rendered on summary judgment without disputed facts, whereas they would have presented evidence that the overdraft fees charged to them were unconscionable and that the bank acted with a corrupt intent. *See* Doc. Nos. 22 and 38. They contend, as well, that the decision in *Video Trax* was a case of first impression, and that this court and the Eleventh Circuit ignored both the allegations of their complaint and legal precedent that supported their allegations that the overdraft fees constituted usurious interest. Doc. No. 38.

The Armstrongs' legal arguments were contrary to existing law when this case was commenced. The Eleventh Circuit affirmed the decision in *Video Trax* on March 14, 2000, more than five years before the Armstrongs began this litigation. In 2001, the Office of the Comptroller of the Currency (OCC) clarified the pertinent federal regulation to state expressly that "[f]ees that a bank charges for its deposit account services – including overdraft and returned check charges" are not interest as that term is used in the federal usury statutes found in the National Bank Act. *Watson v. First Nat'l Bank*, No. 11-01-00098-CV, 2001 WL 34375782, at * 3 (Tex. App. Aug. 2, 2001) (citing 66 Fed. Reg. 34, 786).

The allegations of facts asserted by the Armstrongs are insufficient, even if accepted as true, to support the conclusion that they could assert their claims in good faith based on the existing law. They were provided ample notice of Colonial Bank's intention to seek an award of fees under section 57.105, yet refused to withdraw their claim. Accordingly, this is a case in

which there was a total lack of justiciable issues of either law or fact for which sanctions under section 57.105 are appropriate.

  *B.*  *Amount of Sanctions*.

The federal lodestar approach is used to determine the reasonable attorney's fee award in this case. *See Schafler v. Fairway Park Condominium Ass'n*, 147 Fed. Appx. 113, 114-15 (11th Cir. 2005). "Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate. . . . Next, the court takes the reasonable hourly rate and multiplies it by the 'reasonable number of compensable hours.'" *Id.* (internal citations omitted).

With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988)(internal citations omitted). In his affidavit, Ben H. Harris III, one of the attorneys for the bank, provided the hourly rate he and other attorneys charged for work in this case, but no information about the background and experience of the lawyers. Without such information, the Court cannot determine whether the proposed hourly rates are reasonable in the central Florida market for these attorneys.

Accordingly, I recommend that the Court deny the motion with respect to the assessment of the amount of attorneys' fees without prejudice to permit Colonial Bank to file a supplemental motion for assessment of a fee award supported by sufficient evidence for the Court to make this assessment. I remind counsel that the time spent litigating fee awards is not compensable under

Florida law.  *See Mediplex Constr. of Fla., Inc. v. Schaub*, 856 So. 2d 13 (Fla. 4th Dist. Ct. App. 2004).  Thus, time spent in preparing a renewed motion for assessment of attorney's fees should not be included in the renewed motion.

The Armstrongs did not address the amount of an attorney's fee award in their response to the motion.  They will be able to address this issue in response to a renewed motion for assessment of attorney's fees.

## IV.     RECOMMENDATION.

For the reasons discussed above, I respectfully recommend that the Court **GRANT** in part Colonial Bank's Amended Renewed Motion for Sanctions Pursuant to Florida Statute § 57.105, doc. no. 36, and determine that Colonial Bank is entitled to an award of attorney's fees under section 57.105, but **DENY** the motion without prejudice as to the assessment of attorney's fees to be paid.  I further recommend that the Court permit Colonial Bank to file a renewed motion for an assessment of attorney's fees, supported by appropriate evidence, within eleven days after the ruling on this Report and Recommendation, which renewed motion must contain a certification pursuant to Local Rule 3.01(g) regarding the good faith effort to resolve the issue with the Armstrongs before filing the renewed motion.  Counsel is reminded that a good faith conference

under Local Rule 3.01(g) requires counsel to speak with the Armstrongs, personally or by telephone, rather than a mere exchange of correspondence.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 14, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy