# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**JAMES J. ARMSTRONG and NANCY L. ARMSTRONG,**

                  **Plaintiffs,**

**-vs-**                                **Case No.  6:06-cv-38-Orl-22KRS**

**COLONIAL BANK, N.A.,**

                  **Defendant.**

_____/

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

       This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **COLONIAL BANK, N.A.'S RENEWED MOTION FOR AN ASSESSMENT OF ATTORNEY FEES PURSUANT TO FLORIDA STATUTE § 57.105 (Doc. No. 42)** |
| **FILED:** | **May 24, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.     BACKGROUND.

       Plaintiffs James J. Armstrong and Nancy L. Armstrong (the Armstrongs), appearing *pro se*, filed a class action complaint in a Florida state court against Defendant Colonial Bank, N.A. (Colonial Bank), doc. no. 2, which was removed to this Court on January 10, 2006, doc. no. 1.  In the complaint, the Armstrongs alleged that on numerous occasions, Colonial Bank, where they

both maintained checking accounts, charged them overdraft fees apparently resulting from checks written in amounts in excess of the funds available in their checking accounts. Doc. No. 2 ¶¶ 11-17. The Armstrongs contended that Colonial Bank's fee of $30 per overdraft, plus $3 for each day the account was overdrawn, violated Florida Statute § 687.03 as an unlawful rate of interest. Doc. No. 2 ¶¶ 3(b), 23.

Colonial Bank filed a Motion to Dismiss, arguing that an overdraft fee is not interest and, thus, is not subject to usury statutes. It relied upon the decision in *Video Trax, Inc. v. NationsBank, N.A.*, 33 F. Supp. 2d 1041, 1051-55 (S.D. Fla. 1998), *aff'd*, 205 F.3d 1358 (11th Cir. 2000)(hereinafter *Video Trax*), among other authority, in support of its position. Doc. No. 3.

On January 27, 2006, the Armstrongs filed a response to Colonial Bank's Motion to Dismiss, doc. no. 9, and an amended complaint, doc. no. 10. The Armstrongs' amended complaint reasserted the cause of action for violation of section 687.03, and added causes of action under the National Bank Act, 12 U.S.C. § 85, the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961(6) *et seq.*, civil theft in violation of Florida Statute § 772, and conversion. *Id.* Based on the filing of the amended complaint, the Court denied the original Motion to Dismiss. Doc. No. 13.

Colonial Bank then moved to dismiss the Armstrongs' amended complaint, doc. no. 21. Colonial Bank again relied upon the decision in *Video Trax*, and cited other authority supporting the decision in *Video Trax.* Colonial Bank also cited a federal regulation and a Florida statute that define "interest" as payments to creditors for the extension of credit. Doc. No. 21 at 3 (citing Fla. Stat. § 687.03(2)(b) and 12 C.F.R. § 7.4001(a)).

On February 21, 2006, the Armstrongs filed a response to the renewed motion to dismiss, doc. no. 22.  On the same day, they moved for leave to file a second amended complaint to add as a party defendant a director of Colonial Bank.  Doc. No. 23.

On April 3, 2006, the Court entered an Order granting Colonial Bank's motion to dismiss and denying the Armstrongs' motion for leave to amend.  Doc. No. 26.  The Court held that "[o]verdraft charges are not interest and, accordingly, cannot be usurious."  Doc. No. 26.  The Armstrongs appealed this Order to the United States Court of Appeals for the Eleventh Circuit, which affirmed the Order.  Doc. No. 35.

Colonial Bank then filed a motion for sanctions pursuant to Florida Statute § 57.105. Doc. No. 36.  The Court found that Colonial Bank was entitled to an award of attorney's fees under § 57.105.  Doc. No. 43.  The present motion seeks an assessment of the attorney's fees to be paid. In support of the motion, Colonial Bank filed the Second Affidavit of Ben H. Harris, III, doc. no. 42-3 (Harris Aff.), the Affidavit of John M. Brennan, doc. no. 42-2  (Brennan Aff.), and time sheets reflecting the hours worked and tasks performed by Colonial Bank's attorneys, doc. no. 42-4 (Time Sheets).

The Armstrongs filed a response to the motion in which they argue that the Court's finding that Colonial Bank is entitled to sanctions under § 57.105 was incorrect, and that the hourly rate and number of hours worked are unreasonable. Doc. No. 46. Because the Court has already resolved the question of entitlement, the only issue I will address in the Report and Recommendation is the amount of attorney's fees to be awarded.

II.     **APPLICABLE LAW.**

Florida Statute § 57.105 provides that:

(1)     . . . the court shall award a reasonable attorney's fee to be paid to the prevailing party . . . on any claim or defense . . . in which the court finds that the losing party . . . knew or should have known . . . :

   (a)     Was not supported by the material facts necessary to establish the claim or defense; or

   (b)     Would not be supported by the application of then-existing law to those material facts. . . .

(2)     Paragraph 1(b) does not apply if the court determines that the claim or defense was initially presented to the court as a good faith argument for the extension, modification, or reversal of existing law or the establishment of new law, as it applied to the material facts, with a reasonable expectation of success.

The federal lodestar approach is used to determine the reasonable attorney's fee award under § 57.105. *See Schafler v. Fairway Park Condo. Ass'n*, 147 Fed. Appx. 113, 114-15 (11th Cir. 2005). "Under the lodestar formula, a court must first determine the attorney's reasonable hourly rate. . . . Next, the court takes the reasonable hourly rate and multiplies it by the 'reasonable number of compensable hours.'" *Id.* (internal citations omitted).

With respect to the reasonable hourly rate, "[t]he applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. . . . Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate." *Norman v. Hous. Auth.*, 836 F.2d 1292, 1299 (11th Cir. 1988)(internal citations omitted).

With respect to the reasonable number of hours worked, "[f]ee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." *Id.* at 1303. In determining the work for which attorneys' fees are sought, a party must exercise billing judgment. Billing judgment requires that a party not seek reimbursement for hours that it "would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*." *Id.* at 1301. "[O]bjections and proof from fee opponents concerning hours that should be excluded must be specific and reasonably precise." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999)(internal quotation marks and citation omitted); *see also Norman*, 836 F.2d at 1301 ("Generalized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight.").

## III.   ANALYSIS.

### A.   *Reasonable Hourly Rates.*

Colonial Bank seeks attorney's fees as follows:

| PROFESSIONAL | HOURLY RATE | HOURS WORKED | TOTAL |
|---|---|---|---|
| John C.H. Miller (JCHM) | $325.00 | 0.4 | $130.00 |
| Mark King (MRK) | $235.00 | 2.0 | $470.00 |
| Ben Harris, III (BEH) | $230.00 | 56.9 | $13,087.00 |
| Jay Murrill (JEM) | $160.00 | 1.2 | $192.00 |
| Allison Batts (AEB) | $130.00 | 4.8 | $624.00 |
| **GRAND TOTAL** | | | $14,503.00 |

Miller is a partner and founding member of the law firm of Miller, Hamilton, Snider, and Odom LLC.  He was admitted to practice law in Alabama in 1969.  He formerly was counsel to the United States Committee on Banking, Housing and Urban Affairs, Assistant to the Director of the FDIC, and Deputy to the Chairman of the FDIC.  He charged Colonial Bank $325.00 per hour for the work he performed in this case.  Harris Aff. ¶ 10.

King was admitted to practice law in Florida in 1996.  He is a partner in the law firm of Miller, Hamilton, Snider, and Odom LLC.  His practice primarily consists of commercial litigation, with an emphasis on representing financial institutions.  He charged Colonial Bank $235.00 per hour for the work he performed in this case.  Harris Aff. ¶ 7.

Harris is a partner in the law firm of Miller, Hamilton, Snider, and Odom LLC. Harris Aff. ¶ 1.  He served as Colonial Bank's lead counsel in this case.  *Id.* ¶ 4.  He was admitted to practice in Alabama in 1989.  His practice consists primarily of complex litigation with an emphasis on securities litigation and the representation of financial institutions.  *Id.* ¶ 3.  He charged Colonial Bank $230.00 per hour for the work he performed in this case.  Harris Aff. ¶ 6.

Murrill is an associate with the law firm of Miller, Hamilton, Snider, and Odom LLC.  He was admitted to practice in Alabama in 2002.  He practices commercial litigation with an emphasis on representing financial institutions.  He charged Colonial Bank $160.00 per hour for the work he performed in this case.  Harris Aff. ¶ 9.

Batts is an associate with the law firm of Miller, Hamilton, Snider, and Odom LLC.  She was admitted to practice in Florida in 2005.  She practices commercial litigation, with an emphasis on representing financial institutions.  She charged Colonial Bank $130.00 for the work she performed in this case.  Harris Aff. ¶ 8.

The Armstrongs contend that reasonable hourly rates are $250.00 per hour for a senior attorney, $120.00 per hour for a junior attorney, and $50.00 per hour for a paralegal.  Doc. No. 46 at 2.  They provide no basis to support their opinion.

In contrast, Colonial Bank filed an affidavit of John M. Brennan, Esq.  Brennan is a shareholder with the law firm of Gray Robinson, P.A., and he has been a member of the Florida Bar since 1980.  Brennan Aff. ¶ 1.  He practices primarily in business litigation, including representation of banks in Florida state and federal courts.  *Id.* ¶ 3.  Brennan opines that he is familiar with the hourly rates charged for banking litigation by lawyers appearing in this Court.  *Id.* ¶ 4.  Specifically, he attests that an hourly rate of $150.00 to $250.00 per hour is reasonable for the work of associate attorneys and that $250.00 to $350.00 per hour is reasonable for the work of partner-level attorneys.  *Id.* ¶ 7.  Thus, he concludes that the hourly rates sought by counsel for Colonial Bank are reasonable.  *Id.* ¶ 8.

I conclude based on the evidence presented and my own knowledge of prevailing hourly rates in the central Florida market that the hourly rates sought by counsel for Colonial Bank are reasonable.

> B.      *Reasonable Number of Hours*.

Harris avers that the time reflected on the Time Sheets is true and correct.  Harris Aff. ¶ 5.  Brennan opined, following his review of the pleadings and documents submitted in this case, that the requested number of hours is reasonable.  Brennan Aff. ¶ 8.

The Armstrongs do not object specifically to the hours worked by any attorney.  Rather, they opine that a reasonable number of hours would be 0.5 hours for the work of a senior attorney,

6.0 hours for the work of a junior attorney, and 5.0 hours for the work of a paralegal. Doc. No. 46 at 2. Once again, they offer no basis to support their opinions.

I note that King, who is a partner-level attorney, spent 0.80 hours on 1/10/06 performing, in part, administrative or clerical tasks as follows: "conference with clerks of the United States District Court for the Middle District of Florida and Brevard Circuit Court regarding notices of removal, filing requirements, possibility of e-filing papers and absence of night box in state court." Time Sheets, doc. no. 42-2 at 2. Clerical and administrative tasks are not properly billed at a lawyer's hourly rate. *See, e.g., Miller v. Kenworth of Dothan, Inc.*, 117 F. Supp. 2d 1247, 1261 (M.D. Ala. 2000); *see also Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989)("Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them."). Accordingly, I recommend that the Court reduce King's hours by 0.50 to account for the portion of his work on 1/10/06 that is not compensable.

Similarly, on 10/18/06, Harris worked 0.20 hours in a "Conference with Ms. McCollum regarding status for litigation update." I assume for purposes of this motion that Ms. McCollum was a representative of Colonial Bank who was tasked with monitoring the litigation. While such conferences were undoubtedly helpful to the client, they did not assist in the progress of the litigation. Therefore, I recommend that the Court reduce Harris' time by 0.20 hours for this work.

On 2/9/06, Batts worked 4.8 hours performing a "comprehensive citations check of motion to dismiss amended complaint" and conferring with Harris about her work. The motion to dismiss the amended complaint, doc. no. 19, contains a number of references to cases and statutes. However, in light of the availability of electronic citation services, 4.8 hours is an undue amount of

time to perform a check of the accuracy of the citations and quotations drawn from legal authorities.  Therefore, I recommend that the Court reduce Batts' time by 2.8 hours.

I find that the remaining time worked is reasonable in the absence of specific objections.[1]

C.      *Lodestar*.

Based on the foregoing, the lodestar attorneys' fees are as follows:

| PROFESSIONAL | HOURLY RATE | HOURS WORKED | TOTAL |
|---|---|---|---|
| John C.H. Miller (JCHM) | $325.00 | 0.4 | $130.00 |
| Mark King (MRK) | $235.00 | 1.5 | $352.50 |
| Ben Harris, III (BEH) | $230.00 | 56.7 | $13,041.00 |
| Jay Murrill (JEM) | $160.00 | 1.2 | $192.00 |
| Allison Batts (AEB) | $130.00 | 2.0 | $260.00 |
| GRAND TOTAL | | | $13,975.50 |

---

[1]  These hours include time worked in connection with the Armstrongs' appeal of this case to the United States Court of Appeals for the Eleventh Circuit.  The work performed in connection with the appeal may be included in the reasonable attorney's fees awarded pursuant to § 57.105.  *See Eastern Indus., Inc. v. Fla. Unemployment Appeals Comm'n*, 960 So. 2d 900, 901 (Fla. 1st Dist. Ct. App. 2007).

**IV.     RECOMMENDATION.**

For the reasons set forth in the foregoing report, I recommend that the Court order the

Armstrongs to pay to Colonial Bank $13,975.50 in reasonable attorneys' fees pursuant to § 57.105,

Florida Statutes.

Failure to file written objections to the proposed findings and recommendations contained

in this report within ten (10) days from the date of its filing shall bar an aggrieved party from

attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 28, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy